UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH ANTHONY FAVORS,<br><br>    Plaintiff,<br><br>v.<br><br>JOAN FABIAN, CAL LUDEMAN, RALPH SCHMIDT, JEFFREY L. PETERSON, DEBORAH J. SCHEDAGG, CHRISTOPHER BORELAND, MARK MEHL, DEBORAH KONIESKA, DEB JAMES, ERIC MELBY, MICHELLE HOOVER, JAMIE JUNGERS, DIANNA MAGAARD, and BETH VIRDEN,<br><br>    Defendants. | Civil No. 12-2634 (JRT/LIB)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket Nos. 3 and 12.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff is a patient at the Minnesota Sex Offender Program, ("MSOP"), in Moose Lake, Minnesota. His current complaint is a patchwork of legal arguments and legal conclusions. The pleading is lacking in plainly stated factual allegations.

It appears that sometime in 2010, Plaintiff started stalking Defendant Michelle

Hoover, an employee at MSOP. Plaintiff apparently suspected that Hoover was engaged in elicit activities at MSOP, and he was stalking her as a self-appointed vigilante.[1] Although Plaintiff was warned to stop stalking Hoover, he continued to do so. As a result of Plaintiff's continued stalking, he was found guilty of a parole violation, and he was sent back to prison for several months. Before Plaintiff departed for prison, he was required to dispose of some of the personal property he had possessed while at MSOP.

While Plaintiff was in prison, he initiated two new Minnesota state court actions – (1) a habeas corpus case in Washington County, and (2) a declaratory judgment case in Carlton County. In both cases, Plaintiff challenged the legality of his parole revocation and his return to prison. In the Carlton County case, Plaintiff also sought compensation for the personal property that he was forced to give up when he was sent back to prison. Both of Plaintiff's prior state court actions were dismissed, and his subsequent appeals in both cases were unsuccessful.

In the present case, Plaintiff is attempting to sue fourteen individual Defendants. The caption of Plaintiff's complaint suggests all of the Defendants might be past and present employees of the State of Minnesota, who might have worked for the Minnesota Department of Human Services or the Minnesota Department of Corrections. However, the Court must speculate in this regard because with the exception of Michelle Hoover, none of the Defendants listed in the caption of the complaint is ever mentioned anywhere else in the complaint. Needless to say, the complaint does not attribute any specific acts or omissions to any specific Defendant, other than Michelle Hoover.

---

[1] Evidently, based on some of Plaintiff's submissions, some criminal charges were later filed against Hoover related to her employment at MSOP.

Plaintiff is seeking a judgment against Defendants that would compensate him for the personal property that he was forced to give up when his parole was revoked, and he was transferred from MSOP to state prison. He claims that under Minnesota law, he is entitled to keep certain property while confined at MSOP, and he therefore has a "liberty interest" in such property. He further claims that Defendants deprived him of his "liberty interest" in his property, without affording him due process, because his parole was wrongly revoked. The confusing legal arguments and lack of factual allegations presented in the complaint notwithstanding, it appears that Plaintiff is attempting to allege that he was deprived of his property without due process when he was transferred from MSOP to prison.[2] Plaintiff claims that the value of his lost property is $625.00, and he is seeking a judgment against Defendants for that amount.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state a cause of action on which relief may be granted, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin

---

[2] The Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty or property without due process of law." Plaintiff presumably received some form of parole revocation hearing, which presumably satisfied the requirements of due process.

3

v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

To state an actionable civil rights claim for an alleged violation of the federal Constitution, as Plaintiff is attempting to do here, a complainant must allege facts showing each named defendant's personal involvement in the alleged constitutional violation. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state an actionable civil rights claim against a defendant, a complaint must set forth specific factual allegations showing what that particular defendant allegedly did, or failed to do, (while acting under color of state law), that purportedly violated the plaintiff's federal constitutional rights. In the words of the Supreme Court, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S.Ct. at 1948 (emphasis added).

In this case, Plaintiff has failed to plead a cognizable civil rights claim, (or any other actionable claim for relief), because his complaint does not describe any specific acts or omissions by any of the named Defendants. Plaintiff has not attributed any specific misconduct to any particular Defendant(s). His complaint does not describe any Defendant's "own individual actions" that might have violated the federal Constitution. Indeed, Plaintiff has not described any Defendant's "own individual actions" of any kind. Aside from a handful of vague allusions to Defendant Michelle Hoover, Plaintiff has not described anything that any individual Defendant allegedly did or failed to do.[3] Because Plaintiff has not identified any specific personal acts or omissions by any of the individual named Defendants, he has failed to plead any actionable claim for relief. See Jones v. Roy, 449 Fed.Appx. 526, 526-27 (8th Cir. 2011) (unpublished opinion) (plaintiff "did not state a claim against defendants in their individual capacities because he did not plead facts suggesting they were personally involved in the confiscation and deprivation of his property") (citing Iqbal, 129 S.Ct. at 1948).[4]

The Court also notes that Plaintiff seems to be seeking federal judicial review of the rulings made in his previous state court cases – i.e., his Washington County habeas corpus

---

[3] Although Plaintiff's complaint mentions Defendant Hoover, it does not allege any specific acts or omissions by Hoover. Plaintiff has not described what Hoover actually did or failed to do, and he has not described how Hoover allegedly violated his rights under the federal Constitution, or under any federal statute or federal legal doctrine.

[4] The Eighth Circuit further held in Jones that the plaintiff failed to state an actionable due process claim against Minnesota state employees "because Minnesota provides an adequate post-deprivation remedy that [the plaintiff] may pursue to obtain possession of his property." 449 Fed.Appx. at 527, citing Hudson v. Palmer, 468 U.S. 517, 533 (1984). This ruling suggests that even if Plaintiff had pleaded additional facts to support his current due process claims, those claims still would fail under the "post-deprivation remedy" analysis prescribed by Hudson v. Palmer.

case, and his Carlton County declaratory judgment case. Plaintiff apparently believes that the state courts made numerous errors in his two previous state court cases, and he appears to be seeking a federal court order that would effectively overturn the judgments entered against him in those cases. (See Complaint, pp. 21-27, ¶s 43-52.) It is well settled, however, that any such relief is barred by the Rooker-Feldman doctrine, which was established by the Supreme Court's decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The "Rooker-Feldman doctrine" holds that, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." Lemonds v. St. Louis County, 222 F.3d 488, 492-93 (8th Cir. 2000), cert. denied, 531 U.S. 1183 (2001).

"The basis for the Rooker/ Feldman doctrine is that, other than in the context of habeas claims, federal district courts are courts of original jurisdiction, and by statute they are precluded from serving as appellate courts to review state court judgments, as that appellate function is reserved to the Supreme Court under 28 U.S.C. § 1257." Dornheim v. Sholes, 430 F.3d 919, 923 (8th Cir. 2005), cert. denied, 547 U.S. 1135 (2006). Rooker-Feldman bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corporation, 544 U.S. 280, 284 (2005), See also Robins v. Ritchie, 631 F.3d 919, 925 (8th Cir. 2011) ("'[t]he basic theory of the Rooker–Feldman doctrine is that only the United States Supreme Court has been given jurisdiction to review a state-court decision, so federal district courts generally lack subject-matter jurisdiction over

6

attempted appeals from a state-court judgment'") (quoting Dodson v. Univ. of Ark. for Med. Scis., 601 F.3d 750, 754 (8th Cir. 2010)).

Here, Petitioner appears to be seeking federal appellate review of his two recently-completed state court cases, and he apparently wants the federal court to overturn the state court judgments rendered in those cases. However, any such claims for relief are barred by the Rooker-Feldman doctrine.

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff has failed to plead a cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this case be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii). Having determined that this action must be summarily dismissed because Plaintiff has not pleaded an actionable claim, the Court will further recommend that Plaintiff's collateral "Motion for Copy of Exhibits," (Docket No. 5), and "Motion for Copy of Documents," (Docket No. 8), be summarily denied.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket Nos. 3 and 12), be **DENIED**;

2. Plaintiff's "Motion for Copy of Exhibits," (Docket No. 5), and "Motion for Copy of

Documents," (Docket No. 8), be **DENIED**; and

    3. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: November 2, 2012

                                          s/Leo I. Brisbois
                                          LEO I. BRISBOIS
                                          United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by November 16, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.